**TRIPPE MANUFACTURING COMPANY, Plaintiff-Appellee,**

v.

**SPENCER GIFTS, INC., Defendant-Appellant.**

**No. 12603.**

United States Court of Appeals Seventh Circuit.

Oct. 15, 1959.

Edward A. Haight and William J. Marshall, Jr., Chicago, Ill., for appellant.

Stanley R. Weinberger, Leonard Schanfield and William P. Rosenthal, Chicago, Ill., for appellee.

Before DUFFY, PARKINSON and KNOCH, Circuit Judges.

DUFFY, Circuit Judge.

This suit charges unfair competition. Plaintiff, an Illinois corporation, is engaged in the manufacture of electric lighting devices and lighting equipment. Its principal place of business is Chicago, Illinois. Defendant, a New Jersey corporation, is engaged in the mail order business. Its sole place of business is at

Atlantic City, New Jersey. It is not licensed to do business in Illinois.

The complaint alleges that in August, 1957, plaintiff commenced the manufacture of a small rotating light which it advertised under a common law trademark, "Welcome Light." The suggested retail price was $29.88. It was further alleged that in May, 1958, defendant obtained from plaintiff, advertising material pertaining to plaintiff's rotating light. Plaintiff claims it sent a light, a picture and other advertising materials to defendant, all of which were returned with the statement that defendant could not use same. Plaintiff claims, however, that the 1958 Christmas catalog did advertise for sale a light, the picture of which appeared in the catalog, which was, in fact, a picture of plaintiff's product. This light was listed in the catalog at $19.98. Plaintiff claims that the defendant, in fact, sells a light manufactured by one of plaintiff's competitors.

Since defendant could not be served in the Northern District of Illinois, plaintiff obtained an order for summons to issue under Rule 4(d) (7), F.R.Civ.P. 28 U.S.C.A. The summons was forwarded to Atlantic City and service was there made on the president of defendant. Thereafter, defendant filed a motion to quash service of process, and to dismiss the action for lack of jurisdiction. The District Court denied defendant's motion, but concluded the order involved a controlling question of law as to which there was substantial ground for difference of opinion, and that an immediate appeal from the order could materially advance the ultimate determination of the litigation. We granted defendant's petition for leave to appeal from the interlocutory order. 28 U.S.C.A. § 1292.

Plaintiff argues that defendant submitted itself to the jurisdiction of Illinois courts because defendant's activities in mailing catalogs into Illinois came within the provisions of § 17 of the Illinois Civil Practice Act. (Ill.Stat.1957, Ch. 110, § 17). The pertinent part of that section provides:

"17. (1). Any person, whether or not a citizen or resident of this State, who in person or through an agent does any of the acts hereinafter enumerated, thereby submits said person, and, if an individual, his personal representative, to the jurisdiction of the courts of this State as to any cause of action arising from the doing of any of said acts:

"(a) The transaction of any business within this State;

"(b) The commission of a tortious act within this State;"

Subsection (d) pertains to any party contracting to insure any person, property or risk within Illinois.

The first question for us to consider is whether defendant, by sending catalogs into Illinois through the mail, was engaged in the transaction of any business within the State of Illinois.

Plaintiff cites McGee v. International Life Insurance Company, 1957, 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223. However, we think the more recent case of Hanson v. Denckla, 1958, 357 U.S. 235, 252–253, 78 S.Ct. 1228, 2 L.Ed.2d 1283, demonstrates the McGee case has been limited by the Court to the insurance field. Under the McCarran Act, 15 U.S.C.A. §§ 1011–1015, the Federal Government recognizes the wide powers of a state over insurance business activities within its borders.

The Illinois statute hereinbefore quoted, as well as similar non-resident jurisdictional statutes in other states, have, since the time of Pennoyer v. Neff, 1877, 95 U.S. 714, 24 L.Ed. 565, widened considerably the bases for service on nonresident defendants in *in personam* suits. However, there still remain important limitations on a state's power to extend jurisdiction beyond its territorial limits. Hanson v. Denckla, 357 U.S. 235, 78 S. Ct. 1228, 2 L.Ed.2d 1283; Orton v. Woods Oil & Gas Co., 7 Cir., 249 F.2d 198; Grobark v. Addo Machine Co., Inc., 16 Ill.2d 426, 158 N.E.2d 73. We think the Gro-

bark case is controlling on the point we are now considering. It is the last word we have from the Illinois Supreme Court. In that case, which was one for breach of an exclusive distributorship contract, the plaintiff secured service upon the defendant in New York City under the provisions of § 17, just as plaintiff did in the instant case. The order quashing service of summons and dismissing the complaint in the Superior Court of Cook County was affirmed both in the Appellate Court and the Illinois Supreme Court.

In Grobark, plaintiff had been purchasing adding machines from defendant during the period 1939–1953. During negotiations over appointing plaintiff as an exclusive distributor, defendant was alleged to have obtained plaintiff's customer lists which had been submitted to defendant on a confidential basis. From 1953 to 1955, while plaintiff was acting as the exclusive distributor, it purchased machines for resale having a resale value of more than $150,000.00. The exclusive contract was terminated, and plaintiff filed its action. The defendant had not maintained any office in Illinois, nor employed any officers, agents or other persons within the state.

Plaintiff would minimize the importance and the pertinency of the Grobark decision stating that the Court there would not take *in personam* jurisdiction where the defendant had conducted "no economic activity of any consequence in the forum." We do not think the case can be distinguished on that ground. In Grobark, the representatives of both parties had met in Chicago to negotiate the contract which was to be performed in Illinois. The alleged breach of the contract occurred in Illinois. Defendant had done a substantial business in Illinois as more than $150,000 worth of its machines had been shipped into that state. We think there was much more economic activity in the Grobark case than in the case before us, yet the Illinois Supreme Court determined that the defendant's contacts in Illinois in Grobark were insufficient for the purposes of assuming jurisdiction.

We hold that under Illinois law, defendant did not have those "minimal contacts" which are essential to the transaction of any business within the state of Illinois.

Plaintiff also contends that by mailing into Illinois catalogs which contained false statements, defendant committed a tortious act within Illinois. We think the answer to this claim is that defendant did not perform any act in the State of Illinois, tortious or otherwise.

The order of the District Court is reversed with directions to quash the service of summons and dismiss the complaint and the action for lack of jurisdiction.

Reversed.