■ WALTER KRAMER, Doing Business as WALTER KRAMER LEATHER CO., Appellant, v. LUDWIG VOGL et al., Individually and as Copartners Doing Business as LEDERFABRIK FR. VOGL, et al., Respondents, et al., Defendants.— In an action to recover damages allegedly arising from fraud and deceit, plaintiff appeals: (1) from an order of the Supreme Court, Kings County, dated June 12, 1964, which granted the motion of the defendants Vogl, pursuant to statute (CPLR 320, subd. [b]; CPLR 3211, subd. [a], par. 8), to dismiss the first cause of action on the ground that the court does not have jurisdiction of the persons of said defendants, and severed the said cause of action; and (2) from a judgment of said court, entered July 3, 1964 pursuant to said order, which severed and dismissed such cause of action against defendants Vogl. Order and judgment affirmed, with $10 costs and disbursements. In our opinion, the defendants Vogl did not have the minimum contacts in New York required for acquisition of jurisdiction over them in personam (*Grobark* v. *Addo Mach. Co.*, 16 Ill. 2d 426; *Jump* v. *Duplex Fending Corp.*, 41 Misc 2d 950; *Trippe Mfg. Co.* v. *Spencer Gifts,*

270 F. 2d 821; *Greenberg* v. *R. S. P. Realty Corp.*, 22 A D 2d 690; cf. *Kropp Forge Co.* v. *Jawitz*, 37 Ill. App. 2d 475); and the said cause of action did not result from a tortious act committed in this State within the meaning of CPLR 302 (cf. *Busch* v. *Interborough R. T. Co.*, 187 N. Y. 388, 391; *Rich* v. *New York Cent. & Hudson Riv. R. R. Co.*, 87 N. Y. 382, 390; *Trippe Mfg. Co.* v. *Spencer Gifts, supra*). Beldock, P. J., Ughetta, Christ and Brennan, JJ., concur; Hopkins, J., concurs in the result with the following memorandum: In my opinion, in alleging an action to recover damages for fraudulent representations upon which the plaintiff relied to his detriment in New York where he was engaged in business, the complaint may be construed to constitute a claim of a tortious act within the State in the sense that the plaintiff asserts that he sustained damage here (CPLR 302, subd. [a], par. 2; cf. *Singer* v. *Walker*, 21 A D 2d 285, 289; *Feathers* v. *McLucas*, 21 A D 2d 558). But that alone is not enough to vest jurisdiction in the court over a nondomiciliary, unless in addition, there are such "minimum contacts" within the forum that "traditional notions of fair play and substantial justice" are not offended by the institution of the action (*International Shoe Co.* v. *Washington*, 326 U. S. 310, 316–319). There is no showing here that the Vogl defendants had engaged in activity within the State to an extent which would satisfy the requirements of due process. The sales to plaintiff were consummated outside New York, and these defendants did not regularly, or even sporadically, enter into the economic life of the community. Hence, I conclude that the court did not have jurisdiction over them.