Frank BODZIN, d/b/a IMSCO, Appellant,

v.

REGAL ACCESSORIES, INC., Appellee.

No. 17232.

Court of Civil Appeals of Texas.

Dallas.

Jan. 31, 1969.

Rehearing Denied Feb. 21, 1969.

Harold B. Berman, Berman & Fichtner, Dallas, for appellant.

A. L. Vickers, of Ungerman, Hill, Ungerman & Angrist, Dallas, for appellee.

DIXON, Chief Judge.

Appellant Frank Bodzin as plaintiff filed suit against appellee Regal Accessories, Inc., a foreign corporation, charging violations of the Texas Anti-Trust Laws, Sections 15.03 and 15.04 of the Business and Commerce Code, V.T.C.A. The parties will be designated as they were in the trial court. Specifically plaintiff alleges that defendant entered into agreements with plaintiff's competitors not to sell merchandise to plaintiff.

Plaintiff seeks a judgment in personam against defendant and undertakes to obtain jurisdiction of defendant by having a citation served on the Secretary of State of the State of Texas pursuant to Art. 2031b, Vernon's Ann.Civ.St., the "Long Arm" statute. Thereafter defendant, as provided by Rule 120a, Vernon's Texas Rules of Civil Procedure, filed a special appearance plea challenging the trial court's jurisdiction.

After hearing evidence the court rendered judgment in favor of defendant, quashed the service of citation and dismissed plaintiff's suit. The written judgment signed by the court contains this recitation, " * * * the Court * * * finds that Plaintiff has failed to meet his burden to show that this Court has jurisdiction over the Defendant, that the evidence presented establishes that there were no minimum contacts within the State of Texas by the Defendant sufficient to confer jursidiction, * * * by the Court of this State."

Plaintiff's first two points on appeal assert that (1) the court erred in holding the burden was on plaintiff to prove jurisdiction and (2) Rule 120a shows on its face that the burden of proof in a special appearance is on the movants.

Whether it was error for the trial judge to place the burden of proof on the plaintiff need not concern us in this case for two reasons. (1) The record discloses that regardless of whether he was legally obligated to do so the defendant actually assumed the burden of proof; and (2) the undisputed evidence shows the absence of those minimal contacts in the State of Texas necessary to establish service in support of a judgment in personam.

Defendant was the first to offer evidence. Excerpts from the deposition testimony of the plaintiff himself were introduced by defendant. After defendant rested its case plaintiff for the first time offered evidence. His evidence also consisted of excerpts from plaintiff's deposition. These excerpts from plaintiff's deposition constituted the only evidence introduced by either plaintiff or defendant.

Plaintiff testified, "I dealt with New York." He sent his orders for merchandise to defendant in New York either by letter or by telephone. His only contacts were with a Mr. Lambert in New York. The status of Mr. Lambert is not shown in the evidence. The record fails to disclose what connection if any Mr. Lambert had with defendant. It certainly does not show that he was an officer of the corporation, or an agent authorized to speak for defendant. The foregoing evidence was introduced by defendant.

Even the shipments of merchandise to plaintiff in filling orders were turned over to Pennant Shippers in New York and sent to Star Shippers Association in Texas. Plaintiff stated that the above named companies are "expediters" in the shipment of merchandise.

Plaintiff further testified that Lambert told him of two firms in Texas who com-

plained to defendant that plaintiff was selling his goods at too cheap a price. However plaintiff admitted that Lambert did not say that defendant had entered into any agreement not to sell to plaintiff. In fact, subsequent to the above conversation with Lambert plaintiff sent to defendant another order for goods, which order was filled by defendant without question or qualification.

It is true that Pennoyer v. Neff, 95 U.S. 714, 24 L.Ed. 565 (1877), the landmark case on the subject, has been explained in terms not quite as restrictive as formerly. International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95, 161 A.L.R. 1057 (1945); McGee v. International Life Ins. Co., 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957). Nevertheless the trend away from the Pennoyer case has slackened. In Hanson v. Denckla, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958), it is said:

> "But it is a mistake to assume that this trend heralds the eventual demise of all restrictions on the personal jurisdiction of state courts. See Vanderbilt v. Vanderbilt, 354 U.S. 416, 418, 77 S.Ct. 1360, 1362, 1 L.Ed.2d 1456. Those restrictions are more than a guarantee of immunity from inconvenient or distant litigation. They are a consequence of territorial limitations on the power of the respective States. However minimal the burden of defending in a foreign tribunal, a defendant may not be called upon to do so unless he has had the 'minimal contacts' with that State that are a prerequisite to its exercise of power over him."

█ Both state and federal decisions support our conclusion that the undisputed testimony in this case fails to establish those minimal contacts in the State of Texas necessary to support a judgment in personam against defendant. O'Brien v. Lanpar Co., 399 S.W.2d 340, 342 (Tex. Sup.1966); Hamilton v. Newbury, 412 S. W.2d 801, 809 (Tex.Civ.App., Dallas 1967); Sun-X International Co. v. Witt, 413 S.W. 2d 761 (Tex.Civ.App., Texarkana 1967, writ ref'd n. r. e.); Trinity Steel Co. v. Modern Gas Sales & Service Co., 392 S.W. 2d 861, 863 (Tex.Civ.App., Texarkana 1965, writ ref'd n. r. e.); Hanson v. Denckla, supra; Trippe Mfg. Co. v. Spencer Gifts, Inc., 270 F.2d 821 (7th Cir. 1959); Turner v. Jack Tar Grand Bahama, Ltd., 353 F.2d 954 (5th Cir. 1965); Amco Transworld, Inc. v. M/V Bambi, 257 F.Supp. 215 (D.C.Tex., Houston Div.1966).

For the reasons stated we believe the question of burden of proof as asserted in plaintiff's first and second points has become immaterial in this case. Therefore we shall not pass on said points.

█ In a third point on appeal plaintiff takes the position that the allegations in plaintiff's petition and the evidence affirmatively show that the court has jurisdiction of the person of the defendant.

We are unable to agree with plaintiff. We shall not repeat the evidence above summarized, all of which comes from the testimony of plaintiff himself. We think it shows conclusively that there were not those minimal contacts between plaintiff and defendant in Texas which are required in order to establish the type of service necessary to support a personal judgment against defendant. Plaintiff's third point is overruled.

The judgment of the trial court is affirmed.