**M. D. COLLINS et ux., Petitioners,**

v.

**R. V. MIZE et al., Respondents.**

No. B–1404.

Supreme Court of Texas.

Nov. 19, 1969.

Crenshaw, Dupree & Milam, Cecil Kuhne, Lubbock, for petitioners.

Vickers, Garner & Walters, James A. Walters, Lubbock, Garrett & Nation, Fort Worth, for respondents.

REAVLEY, Justice.

The court of civil appeals held that plaintiff failed to sustain jurisdiction under the Texas "long-arm" statute, Article 2031b, Vernon's Civil Statutes. 436 S.W. 2d 938. We disagree and uphold personal jurisdiction over the non-resident defendants.

M. D. Collins and wife brought suit for a real estate commission against James Masten, his wife Sylvia Masten, R. V. Mize, Chisholm Center, Inc., and another. The Mastens objected to the jurisdiction of the court by special appearance under Rule 120a, Texas Rules of Civil Procedure, and this plea by the Mastens was sustained by the trial court following a hearing. That court also ruled on pleas of privilege of other defendants; one of these rulings was reversed by the court of civil appeals while another was affirmed. However, the only point brought to this court is that of jurisdiction as to the Mastens.

A written contract was signed by these parties in May of 1967, by which the Mastens were to convey property they owned in Colorado and Texas in exchange for Oklahoma property then belonging to Mize and Chisholm. Collins was the real estate agent in the trade, and the contract provided that he was either to be conveyed certain property or paid $20,000 (of which the Mastens were to pay $5,475). At the time this contract was made, the Mastens resided in Texas; three months later, they moved to Oklahoma where they have continued to reside. This suit was filed by Collins on March 1, 1968. Citation was served upon the Secretary of State of Texas, who in turn forwarded the papers to the Mastens in Oklahoma. James Masten testified that, since moving to Oklahoma, he had no business in Texas, no office in Texas, and no representative here if someone wanted "to get in touch" with him or "to serve papers" on him.

These facts seem to fit Section 6 of Article 2031b, which provides as follows:

> Sec. 6. When any corporation, association, joint stock company, partnership or natural person becomes a non-resident of Texas, as that term is commonly used, after a cause of action shall arise in this State, but prior to the time the cause of action is matured by suit in a court of competent jurisdiction in this State, when such corporation, association, joint stock company, partnership or natural person is not required to appoint a service agent in this State, such corporation, association, joint stock company, partnership or natural person may be served with citation by serving a copy of the process upon the Secretary of State of Texas, who shall be conclusively presumed to be the true and lawful attorney to receive service of process; provided that the Secretary of State shall forward a copy of such service to the person in charge of such business or an officer of such company, or to such natural person by certified or registered mail, return receipt requested.

■ Masten contends that, even though Collins alleged and Masten himself proved that there was no place of business or agent for service of Masten in Texas in 1968, the quoted statute requires an allegation that Masten was "not required to appoint a service agent in this State." If this decision depended upon the existence of a law requiring Masten to appoint an agent for service in Texas, when Masten presented his plea to the jurisdiction he assumed the burden of proving that he came within a Texas law requiring his appointment of an agent. This court's opinion in McKanna v. Edgar, 388 S.W.2d 927 (Tex. Sup.1965) is inapplicable, since the appeal there was on a writ of error following a default judgment. The particularity of pleading required to sustain a default judgment against a direct attack was a critical consideration in that case.

In the present case both pleading and proof show that Masten has no agent for service in Texas. Since Section 6 refers to the absence of a legal requirement rather than the absence of an agent, does it follow that there must be a further determination as to what the legal requirements are? The effect of a construction of the statute as contended by Masten, would be to make service under Section 6 impossible where a statute requires the defendant to appoint an agent but where none has been appointed. We can answer that problem most easily by referring to Section 1 of Article 2031b where it is provided that a person who is required to appoint an agent, but who fails to do so, is conclusively presumed to have designated the Secretary of State as his agent for service of process. Thus, whether Masten is required by law to appoint an agent or not, in either event service upon the Secretary of State complied with the requirements of Article 2031b.

■ Masten also argues that the Texas court lacks "minimum contacts" to sustain personal jurisdiction of the Mastens under "appropriate federal constitutional standards." We see no problem of due process

when the forum state is determining a controversy arising out of a transaction consummated in the forum state at a time when the defendant himself was a resident of the forum state. Owens v. Superior Court, 52 Cal.2d 822, 345 P.2d 921, 78 A. L.R.2d 388 (1959); State of Washington ex rel. Bond & Goodwin & Tucker v. Superior Court, 289 U.S. 361, 53 S.Ct. 624, 77 L.Ed. 1256 (1933).

The judgment of the court of civil appeals is reformed as to the plea to the jurisdiction by James Masten and Sylvia Masten, as to which plea the judgment is reversed and judgment is here rendered overruling the plea. The cause, with judgment thus reformed, is remanded to the trial court.