**AAMCO AUTOMATIC TRANSMISSIONS, INC., Appellant,**

v.

**EVANS ADVERTISING AGENCY, INC., Appellee.**

**No. 323.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

Jan. 28, 1970.

Rehearing Denied Feb. 25, 1970.

Thomas B. Weatherly, Sam W. Davis, Jr., Vinson, Elkins, Searls & Connally Houston, for appellant.

Michael S. Thorne, Kendall, Thorne & Davis, Houston, for appellee.

SAM D. JOHNSON, Justice.

Appellant, Aamco Automatic Transmissions, Inc., brought writ of error in order to challenge the validity of an in personam default judgment totaling $165,539.48 rendered in favor of appellee, Evans Advertising.

Evans Advertising filed a petition on May 15, 1968 alleging that Aamco Transmissions and five named individual defendants entered into contract among themselves under and collateral to which plaintiff was a third party beneficiary. Evans Advertising further alleged each defendant became jointly and severally liable to it for advertising conducted in their behalf in the southern United States, including Texas. The suit sought recovery of monies expended on behalf of the defendants totaling approximately $200,000, and exemplary damages totaling $250,000. In the alternative, the suit sought recovery on a sworn account from each of the individual defendants. The defendant Aamco Transmissions, Inc., was alleged to be a foreign corporation having its principal place of business in Pennsylvania where service might be had upon "its registered agent under Rule 108, T.R.C.P."

Anthony Martino was served in Pennsylvania on May 24, 1968 and return was made three days later. An amended return which purported to assert Martino's corporate capacity as "secretary and registered agent for service of Aamco Automatic Transmissions, Inc." was filed February 24, 1969. Plaintiff moved for a default judgment on February 24, 1969 and was granted said judgment on February 25, 1969. On April 15, 1969, plaintiff took a non-suit as to the five individual defendants, after which on April 30, 1969, a final corrected judgment was entered nunc pro tunc against Aamco Automatic Transmissions, Inc. alone.

■■ The decisive question on writ of error from a default judgment is whether there is error on the face of the record. McKanna v. Edgar, 388 S.W.2d 927 (Tex. Sup.1965); Ponca Wholesale Mercantile Co. v. Alley, Tex.Civ.App., 378 S.W.2d 129, writ ref., n. r. e.; Texaco, Inc. v. McEwen, Tex.Civ.App., 356 S.W.2d 809, writ ref., n. r. e. We are of the opinion that there is such error present in the instant case.

Appellee concedes this to be an in personam case. We are of the opinion that Rule 108, Texas Rules of Civil Procedure

is inapplicable to in personam actions of this nature.

 In Henry v. Reno, Tex.Civ.App., 401 S.W.2d 118, writ ref., n. r. e., Henry brought suit against Reno in Mitchell County, Texas. Reno, a non-resident defendant, was served in Arkansas under Rule 108, T.R.C.P. The action was to recover a monetary sum upon a contract of sale involving real property located in Texas. The trial court sustained Reno's plea to the jurisdiction. Determining the suit to be in personam the appellate court affirmed, holding that citation under Rule 108, T.R.C.P., did not bring the defendant before the court so that a personal judgment could be rendered against him.

"Rule 108 would seem to encompass every constitutionally permissible situation, and more. However, the decisions under the forerunner statutes and under the rule make clear that the Texas courts have consistently construed this as a service provision and not one providing for in personam jurisdiction." Thode, 42 Tex.Law. R. 279, 304, note 165.

In Roumel v. Drill Well Oil Co., 270 F.2d 550 (5th Cir. 1959), the Court stated, "It is clear that Texas has not attempted, by Rule 108 of its Rules of Civil Procedure or by any means, to vest jurisdiction in its courts to render personal judgments against non-residents. Wherever it has been drawn in question, Rule 108 has been held to be nothing more than a notice to a non-resident of the pendency of a suit involving property within the State of Texas." See also VanDercreek, 21 S.W.Law J. 155, 156, (1967).

 Rule 108, T.R.C.P., is not a "long arm" statute by which in personam jurisdiction may be obtained.

The default judgment against petitioner is ordered vacated and set aside and the cause remanded to the trial court for trial on the merits.

Reversed and remanded.