Bonita **PARNASS**, Appellant,

v.

**L & L REALTY CORPORATION**, Appellee.

**No. 17905.**

Court of Civil Appeals of Texas, Dallas.

June 29, 1972.

Rehearing Denied July 20, 1972.

Wm. Andress, Jr., Andress & Woodgate, Dallas, for appellant.

Robert H. Bliss, Richard L. Jackson, Johnson, Bromberg, Leeds & Riggs, Dallas, for appellee.

GUITTARD, Justice.

L & L Realty Corporation obtained judgment by default in a district court of Dallas County against Bonita Parnass, a resident of Colorado, who seeks reversal on writ of error. Citation was served on the Texas Secretary of State, as provided by Vernon's Tex.Rev.Civ.Stat.Ann. art. 2031b (1964). Our questions are whether the petition alleges the jurisdictional facts necessary for substituted service under this statute, whether such jurisdictional allegations must be supported by proof, and whether the record must show that the Secretary of State mailed the process to defendant. We hold the petition sufficient, without proof, and that mailing need not be shown.

We first consider the sufficiency of the petition. Plaintiff asserts that personal jurisdiction over defendant has been obtained under section 6 of article 2031b, which provides:

"When any * * * person becomes a non-resident of Texas, * * * after

a cause of action shall arise in this State, but prior to the time the cause of action is matured by suit in a court of competent jurisdiction in this State, when such * * * person is not required to appoint a service agent in this State, such * * * person may be served with citation by serving a copy of the process upon the Secretary of State of Texas, who shall be conclusively presumed to be the true and lawful attorney to receive service of process; provided that the Secretary of State shall forward a copy of such service * * * to such * * * person by certified or registered mail, return receipt requested."

The petition alleges:

"At the time this cause of action arose, the Defendant was a resident of Dallas County, Texas, and the indebtedness alleged in this petition against Defendant arose out of business in which the Defendant engaged in this state. Defendant now is a resident of the State of Colorado and resides at 2927 Mesa Road, Apartment A, Camelback Village, Colorado Springs, Colorado 80904. The Defendant has not appointed an agent in this state upon whom service may be made upon causes of action arising out of such business and there is no person in this state in charge of any business in which the Defendant is engaged in this state upon whom service of process may be had."

The petition further alleges that service may be had on the Secretary of State in accordance with section 3 of article 2031b, but we regard the reference to section 3 as surpulsage and consider only whether the above allegations are sufficient under section 6, above quoted.

■ Defendant contends that the petition is insufficient to authorize service on the Secretary of State because it does not include an allegation that defendant "does not maintain a place of regular business in this state." We hold that such an allegation is not required under section 6. We

recognize that such an allegation is necessary under section 3, which provides for substituted service on a nonresident who engages in business in this state and "does not maintain a place of regular business in this State or a designated agent upon whom service may be made upon causes of action arising out of such business done in this State." McKanna v. Edgar, 388 S.W.2d 927 (Tex.Sup.1965). Section 6 provides only that a person who becomes a nonresident after the cause of action arises and "is not required to appoint a service agent in this State" may be served by serving the Secretary of State. The petition need not allege that defendant is not required to appoint a service agent if it alleges, as does the present petition, that defendant "has not appointed an agent in this state upon whom service may be made." If such a defendant is not required to appoint an agent, section 6 applies, and if he is required to appoint an agent but has not done so, process may be served on the Secretary of State under section 1, which expressly so provides, so that in either event service on the Secretary of State is authorized. Collins v. Mize, 447 S.W.2d 674 (Tex.Sup.1969).

■ Defendant also argues that article 2031b permits resort to section 6 only when no agent in charge of any of defendant's business in this state is available for service under section 2, which provides that a nonresident who engages in business in this state may be served "by serving a copy of the process with the person who, at the time of the service, is in charge of any business in which the defendant or defendants are engaged in this State." In support of this argument she cites McKanna v. Edgar, supra, in which the Supreme Court held that article 2031b permits resort to section 3 only if section 2 is not available. Here the petition does show that section 2 is not available, since it alleges "there is no person in this state in charge of any business in which the Defendant is engaged in this state upon whom service of process may be had." Moreover, the allegation that defendant was a resident of

Texas when the cause of action arose is sufficient in itself to show that section 2 is inapplicable, since that section applies only to actions arising out of business done in Texas by nonresidents, whereas section 6 applies to a cause of action that arose before defendant became a nonresident.

■ The next question is whether the judgment must be reversed because the record contains no proof of the statutory prerequisites to substituted service alleged in the petition. Plaintiff concedes that no evidence was offered before default judgment was rendered. It is arguable that allegations concerning jurisdiction should not be taken as admitted by the default, since defendant cannot be said to have defaulted unless the court has jurisdiction of his person. However, our search of the authorities has revealed no case in which proof of jurisdictional prerequisites has been required when such prerequisites were alleged in the petition. In McKanna v. Edgar, supra, the Supreme Court held that jurisdiction must "affirmatively appear on the face of the record," and that plaintiff has the burden of making sufficient allegations to bring the defendant within the provisions of the statute. Since the "face of the record" does not include evidence at the trial,[1] we gather that the Supreme Court was of the view that on direct review of a default judgment, the statutory prerequisites to substituted service are sufficiently shown by allegations in the petition.

■■ This view assumes that when defendant fails to appear, the allegations of jurisdiction are taken as admitted, as are allegations of liability. If the particular form of substituted service gives reasonable assurance that defendant will have actual notice, as due process requires[2] (and no question of due process is raised here), a nonresident defendant who receives such process may determine from the jurisdictional allegations in the petition whether he should make a special appearance under Tex.R.Civ.P. 120a to contest jurisdiction, just as any defendant may determine in the light of the petition whether he should contest the merits. Consequently, if the return shows service in the statutory manner and defendant fails to appear, the court may treat the jurisdictional facts alleged in the petition as established. A requirement that plaintiff support his jurisdictional allegations with competent proof would be a heavy burden in default cases because defendant is not available for cross-examination, and plaintiff may have no means of knowledge other than hearsay of some of the jurisdictional facts, such as whether defendant has a regular place of business in the state or a local agent in charge of such business. The difficulty of proving the negative in these respects would in many cases be insurmountable.[3]

■ No indication of legislative intent to require proof of jurisdictional allegations before default judgment is rendered can be found in article 2031b. Section 6, which governs this case, provides that when a defendant becomes a nonresident after the cause of action has arisen and is not required to appoint a service agent in this state the Secretary of State "shall be conclusively presumed to be the true and lawful attorney to receive service of process." This language indicates an intent to treat the statutory prerequisites as equivalent to appointment of a service agent. In the case of other statutory service agents, our courts have held that the

---

1. Ramsey v. Dunlop, 146 Tex. 196, 205 S.W.2d 979 (1947); Permian Oil Company v. Smith, 129 Tex. 413, 73 S.W.2d 490, 107 S.W.2d 564 (1937); Heard v. Nichols, 293 S.W. 805 (Tex.Com.App. 1927).

2. International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945).

3. *Cf.* Bonanza, Inc. v. Lee, 337 S.W.2d 437 (Tex.Civ.App., Dallas 1960, no writ). This difficulty may justify imposing on defendant the burden to show lack of jurisdiction at a special appearance hearing. *See* Collins v. Mize, 447 S.W.2d 674 (Tex.Sup.1969).

averments of the petition are sufficient without further proof to establish that the person served was in fact the type of service agent specified by law.[4] Proof of agency is required if the fact of agency does not appear from the petition, the citation, or the officer's return.[5] We conclude that proof is no more necessary to support jurisdictional allegations under article 2031b than to support allegations of the authority of any other service agent before default judgment is rendered.

Finally we must consider defendant's contention that the judgment must be reversed because the record fails to show that the Secretary of State forwarded a copy of the citation to defendant by certified or registered mail, as required by sections 5 and 6 of article 2031b. Defendant cites no authority holding that such a showing is necessary other than general statements in McKanna v. Edgar, supra, and other authorities to the effect that on direct review of a default judgment the record must affirmatively show strict compliance with the statutory method of service. We hold that strict compliance is shown by the petition alleging the statutory prerequisites to substituted service and the return reciting service on the Secretary of State. Since, as pointed out above, this statute treats the Secretary of State as equivalent to an appointed service agent when those prerequisites are established, it evidently contemplates that service is complete when citation is served on him, as on any other service agent. He has a statutory duty to mail it to defendant, but his failure to do so would not deprive the court of jurisdiction, although it might afford ground for relief on motion or bill of review.[6]

Moreover, legislative intent not to make proof of mailing a prerequisite to validity of the service is shown by absence of any provision in article 2031b for a certificate of mailing or any other method of proof. Older statutes concerning substituted service deal specifically with this matter.[7] Al-

---

4. Houston & T.C. R.R. v. Burke, 55 Tex. 323, 40 Am.Rep. 808 (1881) ; Delaware Ins. Co. v. Hutto, 159 S.W. 73 (Tex. Civ.App., Austin 1913, no writ) ; 4 McDonald, Texas Civil Practice § 17.23.2 at 117.

5. Galveston, H. & S.A. Ry. Co. v. Gage, 63 Tex. 568 (1885) ; White Motor Company v. Loden, 373 S.W.2d 863 (Tex. Civ.App., Dallas 1964, no writ) ; Sharp & Dohme v. Waybourne, 74 S.W.2d 413 (Tex.Civ.App., Amarillo 1934, no writ).

6. See Hanks v. Rosser, 378 S.W.2d 31 (Tex.Sup.1964) ; Kelly Moore Paint Co. v. Northeast Nat. Bank, 426 S.W.2d 591 (Tex.Civ.App., Fort Worth 1968).

7. Tex.Rev.Civ.Stat.Ann. art. 2031a, sec. 4 (1964), concerning service on foreign corporations, requires the Secretary of State to "keep a record of all process served upon him * * * and his action in respect thereto," and provides that his certificate shall be competent proof, but further provides that failure to mail copies "shall not affect the validity of said service." A similar provision requiring the Secretary of State to keep records, but

without any specific authorization of a certificate, is found in Tex.Bus.Corp.Act art. 8.10 (1956), V.A.T.S., which also deals with service on foreign corporations. The nonresident motorist statute, Tex. Rev.Civ.Stat.Ann. art. 2039a, sections 4 and 5 (1964), provides for a certificate of mailing by the chairman of the State Highway Commission and a presumption that the process was transmitted and received by defendant after being deposited in the mail.

Defendant suggests that mailing could have been proved by a certificate of the Secretary of State under Tex.Rev.Civ. Stat.Ann. art. 3722 (1926), which requires certain officers, including the Secretary of State, to furnish "certificates under seal certifying to any fact contained in the papers, documents or records of their offices" and further provides "same shall be received in evidence in all cases in which the originals would be evidence." It is not clear that this statute authorizes a certificate of mailing, as distinguished from a certificate concerning the contents of records, and article 2031b requires no record, as do the articles 2031a and 2039a, supra.

though the trial judge has discretion to require a certificate of mailing, his failure to do so does not affect the validity of the judgment.

Affirmed.