Marie L. GRANTHAM

v.

AETNA LIFE AND CASUALTY and
Mary Lee Grantham.

Civ. A. No. CA 4–77–280.

United States District Court,
N. D. Texas,
Fort Worth Division.

Aug. 17, 1978.

Randal Patterson, Arlington, Tex., for plaintiff.

Bill Bowers, Fort Worth, Tex., for Aetna.

Paul D. Shafer, Jr., Meadville, Pa., for Grantham.

Joe Bruce Cunningham, Fort Worth, Tex., for Local.

ORDER AND MEMORANDUM OPINION

MAHON, District Judge.

There is now before the Court defendant Mary Lee Grantham's motion to dismiss.

The Court having considered said motion, plaintiff's response thereto, and having heard oral argument has determined that defendant Mary Lee Grantham's motion to dismiss should be granted.

The plaintiff seeking to establish the jurisdiction of a federal court has the burden to establish the Court's jurisdiction in response to a Rule 12(b)(2) motion challenging the jurisdiction. *Product Promotions, Inc. v. Cousteau,* 495 F.2d 483 (5th Cir. 1974); 5 Wright & Miller, Federal Practice and Procedure § 1351 at 565 (1969).

Plaintiff in this law suit is a citizen of the State of Texas. Defendant Mary Lee Grantham is a citizen of the State of Pennsylvania. The lawsuit concerns the payment of a life insurance policy of $90,000.00 by defendant Aetna Life and Casualty. Said life insurance policy was written prior to 1967 by Aetna on R. R. Grantham, the deceased husband of defendant Mary Lee Grantham and the divorced ex-husband of plaintiff Marie L. Grantham. In 1967 while residents of New Jersey, plaintiff and her husband R. R. Grantham entered into a separation agreement in which R. R. Grantham agreed in part that, "The wife will retain in her possession certain policies of insurance upon the husband's life, in which she is named beneficiary and the husband will continue to pay the premiums thereon as they accrue. If the wife shall survive the husband the proceeds of said policies shall become her absolute property . . ." The amount of the life insurance policy proceeds at the time of the separation agreement was $26,000 with plaintiff as the designated beneficiary.

In 1969 plaintiff Marie L. Grantham and R. R. Grantham were divorced. Subsequent to the divorce R. R. Grantham married defendant Mary Lee Grantham. Subsequent to the remarriage R. R. Grantham increased the proceeds of his life insurance with Aetna from $26,000.00 to $90,000.00.

Plaintiff's first wife Marie L. Grantham remained the beneficiary of $26,000.00 and defendant second wife Mary Lee Grantham was named beneficiary of the remaining $64,000.00. R. R. Grantham died in 1977 and Aetna Life and Casualty paid life insurance proceeds of $26,000.00 to plaintiff first wife beneficiary and $64,000.00 to defendant second wife beneficiary. Plaintiff contends in this lawsuit that such dispersal of the proceeds of the life insurance policy was unlawful and in contravention of the 1967 separation agreement and subsequent divorce decree. Plaintiff further claims that she is entitled to the entire $90,000.00 file insurance proceeds.

Plaintiff served defendant Mary Lee Grantham personally with the complaint through service by U. S. Marshal at defendant's residence in Pennsylvania pursuant to Texas Rule of Civil Procedure 108.[1] Rule 108 is a procedural rule for service of process. It is possible that through service by Rule 108 the plaintiff may avoid the "doing business" burden of the Texas Long Arm Statute, *Tex.Rev.Civ.Stat.Ann.* art. 2031b (1964).[2] However, Rule 108 must be construed in the context of the due process requirements of the United States Constitution since the federal court's exercise of jurisdiction under state law must comport with basic due process requirements. *Product Promotions, Inc. v. Cousteau,* 495 F.2d 483, 489 (5th Cir. 1974); *Jetco Electronic Industries, Inc. v. Gardiner,* 473 F.2d 1228, 1232 (5th Cir. 1973).

Judge Goldberg writing for the Fifth Circuit in the *Cousteau* case makes it clear that there is a dual test for the determination of whether a court may take jurisdiction without depriving a defendant of due process.

---

1. Tex.R.Civ.P. 108 was amended, effective January 1, 1976 with the language "to the full extent that he may be required to appear and answer under the Constitution of the United States in an action either in rem or in personam." Prior to this amendment it had been held that "Rule 108, T.R.C.P., is not a 'long arm' statute by which in personam jurisdiction may be obtained." *Aamco Automatic Transmissions, Inc. v. Evans Advertising Agency, Inc.,* 450 S.W.2d 769, 771 (Tex.Civ.App.—Houston [14th Dist.] 1970, writ ref'd n. r. e.). After the above stated amendment to Rule 108, the Texas Supreme Court commented that, "We stated that the purpose of the amendment is to permit acquisition of in personam jurisdiction to the constitutional limits." *U-Anchor Advertising, Inc. v. Burt,* 553 S.W.2d 760 n. 1 (Tex.1977).

2. See discussion in Comment, *Long-Arm Jurisdiction: Rule 108 As An Alternative to "Doing Business" Under Article 2031b,* 30 Baylor L.Rev. 99 (1978).

442

First, "there must be some minimum contact with the state which results from an affirmative act of the defendant." Second, "it must be fair and reasonable to require the defendant to come into the state and defend the action." 2 Moore, supra note 16, ¶ 4.25[5] at 1171–72.

*Product Promotions, Inc. v. Cousteau, supra* at 494.

In a recent Texas case concerning due process of service under Rule 108, Justice Guittard writing for the Dallas Court of Civil Appeals states,

> The ultimate test of due process is that stated in *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945), that assumption of personal jurisdiction must not offend "traditional notions of fair play and substantial justice." This statement was qualified by the requirement in *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 1240, 2 L.Ed.2d 1283 (1958) that there must be "some act by which the defendant purposefully [availed himself] of the privilege of conducting activities within the forum State, thus invoking benefits and protections of its laws." In *O'Brien v. Lanpar Co.*, 399 S.W.2d 340, 342 (Tex. 1966), the Supreme Court of Texas added another requirement to the effect that the cause of action must arise from the act or transaction in the state on which jurisdiction is based. The Court also adopted a statement from *Tyee Construction Co. v. Dulien Steel Products, Inc.*, 62 Wash.2d 106, 381 P.2d 245, 251 (1963), amplifying the requirement of "traditional notions of fair play and substantial justice" by saying that consideration should be given to "the quality, nature, and extent of the activity in the forum state, the relative convenience of the parties, the benefits and protection of the laws of the forum state afforded the respective parties, and the basic equities of the situation."

*Zeisler v. Zeisler*, 553 S.W.2d 927, 929 (Tex. Civ.App.—Dallas 1977, writ dism'd).

In the important case of *U–Anchor Advertising, Inc. v. Burt*, the Texas Supreme Court in focusing on the constitutional limitations of due process held that a defendant must "have purposefully done some act or consummated some transaction in Texas, and the assumption of jurisdiction by the Texas courts must be found not to offend traditional notions of fair play and substantial justice." *U–Anchor Advertising, Inc. v. Burt*, 553 S.W.2d 760, 762 (Tex.1977). The *U–Anchor* case also held that, "The nature and extent of the contacts of a non-resident with the forum state determine whether or not the forum may exercise in personam jurisdiction over the non-resident, but the infinite variety of such contacts and the vagueness of the constitutional standard render a more definitive articulation of due process requirements impossible." *U–Anchor, supra* at 764.

The affidavit of plaintiff's daughter, attached to plaintiff's response to defendant Mary Lee Grantham's motion to dismiss, states that prior to R. R. Grantham's death in 1977, R. R. Grantham, paid social visits to Texas in October 1971 and March 1976. Defendant Mary Lee Grantham is presently a resident of Pennsylvania. During the week of R. R. Grantham's death, apparently the only contacts of defendant Mary Lee Grantham to Texas were telephone calls to R. R. Grantham's relatives in Texas. It is plaintiff's position that defendant Mary Lee Grantham had sufficient contacts with the State of Texas such that the maintenance of plaintiff first wife Marie L. Grantham's action does not offend traditional notions of fair play and substantial justice.

Plaintiff relies on the cases of *Hearne v. Dow-Badische Chemical Co.*, 224 F.Supp. 90 (D.C.Tex.1963) and *Hoppenfeld v. Crook*, 498 S.W.2d 52 (Tex.Civ.App.—Austin 1973, writ ref'd n. r. e.). The *Hearne* case involved a products liability set of operative facts where the tortious act occurred outside the state of Texas but the injury occurred within Texas. In the *Hearne* case Judge Noel clearly set forth five factors in the determination of a test for due process. The factors are:

(1) The nature and character of the business;

(2) The number and type of activities within the forum;

(3) Whether such activities give rise to the cause of action;

(4) Whether the forum has some special interest in granting relief; and

(5) The relative convenience of the parties.

*Hearne v. Dow-Badische Chemical Co., supra* at 99.

Plaintiff in the case now before this Court seeks the full sum of the insurance proceeds based not only on a constructive trust theory but also on the argument that the action is also tortious in character and based in fraud and fraudulent concealment. It is plaintiff's position that though the fraudulent acts concerning the insurance proceeds occurred outside the state, the injury to plaintiff occurred within Texas.

The principle of plaintiff's contention is that the alleged wrongful activity resulted in a foreseeable injury in Texas. In the *Hearne* case jurisdiction was upheld. However, *Hearne* as previously stated was a products liability action. The Fifth Circuit has held that,

> When a nonresident defendant introduces a product into interstate commerce under circumstances that make it reasonable to expect that the product may enter the forum state, the forum may assert jurisdiction over the defendant in a suit arising out of injury caused by the product in the forum, if the defendant's other activities within the forum, even though wholly unrelated to the suit, satisfy the minimum contacts requirement.

*Jetco Electronic Industries, Inc. v. Gardiner,* 473 F.2d 1228, 1234 (5th Cir. 1973). Also see *Wilkerson v. Fortuna Corp.,* 554 F.2d 745 (5th Cir. 1977).

■ Even in a suit such as *Jetco* where jurisdiction was upheld, the essential governing principle is "the *fairness* of subjecting a defendant to suit in a distant forum." (emphasis supplied) *Jetco, supra* at 1234.

More apropos to plaintiff's fraud contentions is *Hoppenfeld v. Crook,* 498 S.W.2d 52 (Tex.Civ.App.—Austin 1973, writ ref'd n. r.

e.) where it was held that the tort of fraud consisted of two elements, representation and reliance, and became actionable upon reliance. In turn it was held that a fraudulent representation made outside a state but relied upon within a state could be actionable within the state. However, in *Hoppenfeld, supra* it was emphasized that the perspective of constitutional limitation must be applied to the facts of the particular case and the assertion of jurisdiction as to the particular nonresident. *Hoppenfeld, supra* at 56. Though plaintiff cites the *Hoppenfeld* decision as supportive of plaintiff's jurisdictional assertions, the Court notes that the essential holding of *Hoppenfeld,* under the facts of that particular case involving fraud allegations and the assertion of jurisdiction over that particular nonresident, was that the misrepresentations in that case "simply do not measure up to the requisite 'minimum contacts' to justify the assertion of personal jurisdiction by a Texas court . . . ." *Hoppenfeld, supra* at 58.

■ After considering the affidavits filed in this case ["When a court is considering a challenge to its jurisdiction over defendant or over a res, it may receive and weight affidavits;" 5 Wright and Miller, Federal Practice and Procedure, § 1351 (1969)] the pleadings, and the memoranda filed in the record, it is the determination of this Court that the maintenance of jurisdiction in CA 4–77–280 would offend federal due process. Plaintiff seeks to establish sufficient contacts of defendant with this forum based on social visits by defendant to plaintiff's daughter's home in October 1971 and March 1976; a 1976 visit by plaintiff's daughter to defendant's home then in New Jersey; and five or six telephone calls between defendant and plaintiff's daughter, of which approximately only half were initiated by defendant. The nature and extent of these contacts simply do not meet constitutional muster under the particular facts and allegations in this case. It would be neither fair nor reasonable to require the defendant Mary Lee Grantham to come into this state and defend this action. To hold otherwise would offend traditional notions of fair play and substantial justice.

This cause of action against Mary Lee Grantham is dismissed for lack of in personam jurisdiction.

It is so ORDERED.