**N. K. PARRISH, INC., Appellant,**

v.

**Fred SCHRIMSCHER, dba Schrimscher Brothers, Appellee.**

**No. 8507.**

Court of Civil Appeals of Texas, Amarillo.

Nov. 27, 1974.

Key, Carr, Evans & Fouts, Donald M. Hunt, Lubbock, for appellant.

Crenshaw, Dupree & Milam, Cecil C. Kuhne, Lubbock, for appellee.

REYNOLDS, Justice.

A breach of contract suit by a Texas corporation against a New Mexico resident was dismissed for lack of jurisdiction upon the trial court's finding of a lack of suffi-cient minimum contacts by the non-resident with the State of Texas to satisfy due process requirements. The case *sub judice* presents a sufficient nexus between the suit and the State of Texas to confer jurisdiction on the trial court. Reversed and remanded.

Plaintiff N. K. Parrish, Inc., is a Texas corporation dealing in the purchase and sale of grain and feed products with its principal place of business in Lubbock, Lubbock County, Texas. Defendant Fred Schrimscher is a resident of Roswell, New Mexico, engaged with his twin brother in, among other businesses, a New Mexico farming enterprise under the name Schrimscher Brothers. In the past, Schrimscher had participated in grain or commodities transactions with people in Texas and he had purchased from Parrish some grain which was shipped out of Tex-as and some cottonseed F.O.B. Lubbock.

In the course of a telephone conversa-tion between Schrimscher in New Mexico and a Parrish employee in Lubbock, Schrimscher inquired whether Parrish could "move" a new crop of Tritacale, a cross of wheat and rye, being grown on Schrimscher's New Mexico farmlands. He was advised that he would be, and two days later he was contacted. As the end result of the negotiations, Parrish prepared and mailed a contract to Schrimscher at Roswell. The substance of the contract was that Parrish would purchase from Schrimscher "approximately 1,500,000#– 2,000,000# of Blended Tritacale Wheat" at a quoted price to be delivered at stated in-tervals to Albuquerque, New Mexico, and Schrimscher would draw drafts therefor on Parrish at Lubbock, Texas. On the face of the contract in bold type were the words: "THIS CONTRACT PERFORM-ABLE AT LUBBOCK, TEXAS."

It is unclear whether Schrimscher was paid for the Tritacale he delivered to Al-buquerque as the result of his drafts drawn on or by his invoices mailed to Parrish. It is clear, however, that Schrimscher receiv-

ed periodic payments at his office in Roswell that were made by Parish from its account in a bank in Lubbock County, either by draft drawn by Schrimscher or by checks drawn by Parrish.

Alleging that Schrimscher had failed to deliver the minimum amount of Tritacale called for by the contract, Parrish filed this suit in the County Court at Law No. 2 of Lubbock County seeking damages for breach of contract. Service on Schrimscher was effected in New Mexico pursuant to the directions of the Texas service-of-process-upon-nonresidents statute, Vernon's Ann.Civ.St. art. 2031b. Schrimscher entered a special appearance authorized by Rule 120a, Texas Rules of Civil Procedure, to challenge the court's *in personam* jurisdiction. Following a hearing, the trial court sustained the challenge and dismissed the suit for lack of jurisdiciton, finding as a fact and concluding as a matter of law that Schrimscher did not have sufficient minimum contacts with the State of Texas to satisfy the requirements of the due process clause of the United States Constitution.

■ Article 2031b, V.A.C.S., colloquially referred to as a long-arm statute, is a statute providing for service of process on non-residents in any action, suit or proceeding arising out of the non-resident's "doing business in this State" and, so far as material here reads:

Sec. 4. For the purpose of this Act, and without including other acts that may constitute doing business, any * * * non-resident natural person shall be deemed doing business in this State by entering into contract by mail or otherwise with a resident of Texas to be performed in whole or in part by either party in this State * * *.

It has been recognized at both the state and federal levels that the statute represents an effort by Texas to extend its *in personam* jurisdiction over non-residents to the maximum permitted by the federal constitutional requirements of due process.

National Truckers Service, Inc. v. Aero Systems, Inc., 480 S.W.2d 455 (Tex.Civ. App.—Fort Worth 1972, writ ref'd n.r.e.); Product Promotions, Inc. v. Cousteau, 495 F.2d 483 (5th Cir. 1974). The statute having provided for *in personam* jurisdiction over non-resident Schrimscher who entered into a contract by mail with Parrish, a resident of Texas, to be performed in part by Parrish in Texas, and the mechanical procedures taken to effect service under the statute not being questioned, the arm of the statute is long enough to reach Schrimscher unless it can be said that the exercise of *in personam* jurisdiction by the Texas court violates the Federal Constitution. Hoppenfeld v. Crook, 498 S.W.2d 52 (Tex.Civ.App.—Austin 1973, writ ref'd n. r.e.); Atwood Hatcheries v. Heisdorf & Nelson Farms, 357 F.2d 847 (5th Cir. 1966).

■ Schrimscher contends that because his office is in Roswell, where he received Parrish's payments, the contract was executed by him in New Mexico where he was to and did perform under the contract, the Tritacale was not delivered in Texas, and he never came into Texas in regard to the transaction, the facts do not meet the three prerequisite basic elements of non-resident jurisdiction approved in O'Brien v. Lanpar Company, 399 S.W.2d 340 (Tex.1966). There, our Supreme Court quoted the basic elements that must coincide to sustain jurisdiction over a non-resident as they were articulated in Tyee Construction Co. v. Dulien Steel Products, Inc., 62 Wash.2d 106, 381 P.2d 245 (1963), in these words:

(1) The nonresident defendant or foreign corporation must purposefully do some act or consummate some transaction in the forum state; (2) the cause of action must arise from, or be connected with, such act or transaction; and (3) the assumption of jurisdiction by the forum state must not offend traditional notions of fair play and substantial justice, consideration being given to the quality, nature, and extent of the activity in the forum state, the relative convenience of

the parties, the benefits and protection of the laws of the forum state afforded the respective parties, and the basic equities of the situation.

The facts of the case at bar meet those prerequisites. Illustratively, Schrimscher initiated the telephone conversation that led to the consummation via mail of the written contract on which this suit is founded. Although Schrimscher was not personally present in Texas in connection with the transaction, he purposefully entered into the contract by mail with Parrish, a Texas resident, that was stated to be performable in, and required Parrish to perform in, Texas. Prior to the enactment of Article 2031b, V.A.C.S., it had been settled that the defendant need not have been physically within the forum state—contact by mail alone can be sufficient. McGee v. International Life Ins. Co., 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957).

Schrimscher's contacts in Texas were deliberate rather than casual or fortuitous and by executing the contract he signed and delivered in Texas, he could reasonably foresee the possible need to invoke the benefits and protection of the law of Texas, particularly with respect to Parrish's obligation to perform under the contract in Texas. Schrimscher argues that under the terms of the contract and the evidence adduced at the special appearance hearing, there was no breach of the contract shown —an issue that is reserved for determination at a hearing on the merits—but the argument does not negate the reasonable foresight that Schrimscher's obligations under the contract, whatever they may be determined to be, might be tested in Texas where he agreed the contract was performable, where Parrish was to perform its part of the agreement, and where Schrimscher is held accountable to know that the contract might have consequences.

Moreoever, it cannot be seriously doubted that Texas does have a legitimate interest in providing a forum for the suit. Parrish is a Texas resident; Parrish is to perform in Texas; and by the terms of the contract itself, it is contemplated that Texas law will be relevant in resolving the issues in the suit.

A consideration of the relative convenience of the parties results in no more than a stand-off; it is as inconvenient for Schrimscher to travel less than 200 miles to litigate the matter in Texas as it is for Parrish to journey the same distance for an adjudication in New Mexico. But more importantly, Schrimscher has pointed to no inconvenience, hardship or inequity that will result from his having to litigate the dispute in Texas.

The basic elements quoted in O'Brien v. Lanpar Company, supra, to sustain *in personam* jurisdiction over a non-resident are amply met by the facts in the case at bar. Thus, the maintenance of the suit in Texas "does not offend 'traditional notions of fair play and substantial justice,'" International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), so as to violate the due process requirements.

The judgment of the trial court is reversed, and the cause is remanded for reinstatement on the trial docket.