GRAND AMERICAN COMPANY, INC.,
et al., Appellants,

v.

Bill STOCKSTILL, Appellee.

No. 8548.

Court of Civil Appeals of Texas,
Amarillo.

April 22, 1975.

Henry T. Ray, Amarillo, for appellants.

Sanders, Miller & Baker, Oth Miller, Amarillo, for appellee.

REYNOLDS, Justice.

Plaintiff Bill Stockstill sought and was granted judgment against defendants

Grand American Company, Inc., its president, J. C. Brooks, Jr., and its secretary, Eugene C. Fitzhugh, jointly and severally, for the balance due on a promissory note executed by Fitzhugh on behalf of the defendants, together with interest, attorney's fees and costs. Reversed and remanded.

■ Defendants' challenge to the jurisdiction of the trial court over the non-resident defendants must be overruled for two reasons. In the first instance, defendants waived their jurisdictional plea and made a general appearance by filing their answer to the merits *before* their sworn special appearance motion objecting to the jurisdiction was filed, even though both pleadings were filed on the same day. Rule 120a, Texas Rules of Civil Procedure; Thode, In Personam Jurisdiction; Article 2031B, The Texas "Long Arm" Jurisdiction Statute; And The Appearance To Challenge Jurisdiction in Texas and Elsewhere, 42 Tex.L.Rev. 279, 316 (1964).

■ Secondly and even if the special appearance motion were viable, the trial court acquired *in personam* jurisdiction over the non-resident defendants pursuant to the provisions of Vernon's Ann.Civ.St. art. 2031b, frequently referred to as the "long-arm" statute. The proof of lack of jurisdiction was the burden of defendants. Hoppenfeld v. Crook, 498 S.W.2d 52, 55 (Tex.Civ.App.—Austin 1973, writ ref'd n. r. e.). So far as the record reveals, defendants offered no proof on the issue. The mechanical procedures taken to effect personal service upon defendants under the statute have not been questioned. Plaintiff's unquestioned pleadings by which the trial court measured the special appearance plea asserted that the promissory note on which the cause of action is founded was executed in Texas and its provisions obligated defendants to pay the amount thereof in Texas. A copy of the note attached to and made a part of the pleadings confirmed the assertions. Within the meaning of the statute, this transaction on the part

of defendants constituted their doing business in Texas so as to bring them within the jurisdiction of the trial court. Art. 2031b. See, also, N. K. Parrish, Inc. v. Schrimscher, 516 S.W.2d 956 (Tex.Civ. App.—Amarillo 1974, no writ), and the authorities cited therein. Defendants' first point of error is overruled.

■ Defendants utilize their third point of error to assign error on the part of the trial court in admitting over their objections a copy of the promissory note without proper foundation in violation of the best evidence rule. According to defendants' brief, the only evidence bearing on the unavailability of the original note was plaintiff's testimony that he last had it, but he did not know where it was and he just did not have it. Plaintiff has not filed a brief. Defendants' factual statements neither have been answered nor challenged.

Under these circumstances, Rule 419, T. R.C.P., authorizes this court to accept defendants' brief as correctly stating the facts and the record without resort to the statement of facts, and to dispose of the appeal in conformity therewith. Campbell v. Campbell, 477 S.W.2d 376 (Tex.Civ.App. —Amarillo 1972, no writ). Notwithstanding, we have examined the statement of facts, and it supports the factual statements made by defendants. The statement of facts does not show that any search was made for nor any diligence was used to obtain the original note. Absent such evidence, a sufficient predicate was not established for the introduction and receipt in evidence of a copy of the note in lieu of the original note. Laster v. Texas Mut. Life Ins. Ass'n., 86 S.W.2d 842 (Tex.Civ. App.—El Paso 1935, writ dism'd).

Point three is sustained and requires a reversal of the judgment. The other points allege error concerning matters which should not arise upon another trial and a discussion thereof is pretermitted.

The judgment of the trial court is reversed and the cause is remanded.

ROBINSON, Justice.

I concur in the result.