**Cary Louis OUBRE, Appellant,**

v.

**Patricia Anne OUBRE, Appellee.**

**No. 16123.**

Court of Civil Appeals of Texas,
San Antonio.

Dec. 13, 1978.

Lloyd L. Oubre, San Antonio, for appellant.

James V. Mondin, San Antonio, for appellee.

## OPINION

MURRAY, Justice.

This is an appeal from an order of dismissal entered by the trial court sustaining appellee's special appearance under Rule 120a of the Texas Rules of Civil Procedure. Cary Louis Oubre, appellant, and Patricia Anne Oubre, appellee, were divorced on June 12, 1975, in Bexar County, Texas. The divorce court appointed appellee managing conservator and appellant possessory conservator of the only child of the marriage. On February 6, 1978, appellant filed a motion to modify, which sought to change custody and, in the alternative, sought to enlarge visitation rights. Appellee was personally served with citation in the State of Florida on February 17, 1978, pursuant to the provisions of Section 11.051 of the Texas Family Code and Rule 108 of the Texas Rules of Civil Procedure. Thereafter, appellee filed a special appearance contesting the in personam jurisdiction of the Texas court.

This case is before the court on an agreed stipulation of facts, which provides in part:

1. The parties were premarital inhabitants of Bexar County, Texas.
2. During the marriage, the parties resided in Bexar County, Texas.
3. The child was born in Bexar County, Texas.
4. The parties were divorced in Bexar County, Texas, on June 12, 1975.
5. After the divorce, both parties continued to reside in Bexar County, Texas, where child support was paid and custody and visitation rights were exercised.
6. Appellee· resided in Bexar County, Texas, until January 7 or 31, 1978, when she and the child left Texas and moved to Orlando, Florida.

We agree with appellant that the trial court erred in dismissing the cause for want of jurisdiction because jurisdiction may be had under the provisions of Section 11.051 of the Texas Family Code, which provides:

In a suit affecting the parent-child relationship, the court may exercise personal jurisdiction over a person on whom service of citation is required or over the person's personal representative, although the person is not a resident or domiciliary of this state, if:

(1) the child was conceived in this state and the person on whom service is required is a parent or an alleged or probable father of the child;

(2) the child resides in this state, as defined by Section 11.04 of this code, as a result of the acts or directives or with the approval of the person on whom service is required;

(3) the person on whom service is required has resided with the child in this state; or

(4) notwithstanding Subdivisions (1), (2), or (3) above, there is any basis consistent with the constitutions of this

state or the United States for the exercise of the personal jurisdiction.

Tex.Fam.Code Ann. § 11.051 (Vernon Supp. 1978–1979).

It is undisputed that the agreed stipulation of facts comes within the situational requirements of subsections 1 and 3 of this statute. Since "all assertions of state court jurisdiction must be evaluated according to the standards set forth in International Shoe and its progeny,"[1] we must next determine whether the facts of this case are constitutionally sufficient to satisfy traditional notions of fair play and substantial justice. *Shaffer v. Heitner*, 433 U.S. 186, 212, 97 S.Ct. 2569, 2584, 53 L.Ed.2d 683 (1977).

■ Due process requires that the nonresident defendant have certain minimum contacts with the forum state out of which the cause of action arose and that the defendant must have purposefully conducted activities within the forum state. *Hanson v. Denckla*, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958). In discussing the due process requirements necessary to establish jurisdiction over a nonresident defendant by a state court, our Supreme Court in *O'Brien v. Lanpar Company*, 399 S.W.2d 340 (Tex.1966), held:

"(1) The nonresident defendant or foreign corporation must purposefully do some act or consummate some transaction in the forum state; (2) the cause of action must arise from, or be connected with, such act or transaction; and (3) the assumption of jurisdiction by the forum state must not offend traditional notions of fair play and substantial justice, consideration being given to the quality, nature, and extent of the activity in the forum state, the relative convenience of the parties, the benefits and protection of the laws of the forum state afforded the respective parties, and the basic equities of the situation."

1. For *International Shoe* and its progeny see: *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); *Shaffer v. Heitner*, 433 U.S. 186, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977); *Hanson v. Denckla*, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958); *McGee v. International Life Ins. Co.*, 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957); *Travelers Health Assoc. v. Virginia*, 339 U.S. 643, 70 S.Ct. 927, 94 L.Ed. 1154 (1950).

399 S.W.2d at 342; *Accord, U-Anchor Advertising, Inc. v. Burt*, 553 S.W.2d 760, 762 (Tex.1977).

In considering this jurisdictional question in a child custody case, the paramount consideration is what would be in the best interests and welfare of the child. Consequently, the most important factor to be considered is the ability of the forum state to reach a result which would promote the child's best interests. Since this decision depends upon the evidence adduced in the case, the most appropriate forum will be one where the witnesses and the evidence are most accessible. *Corliss v. Smith*, 560 S.W.2d 166, 172 (Tex.Civ.App.—Tyler 1977, no writ). In discussing this issue of the relative convenience of the parties and the witnesses, the court in *Corliss* stated:

> In the usual situation, the witnesses would include the parents, the children, domestic relation counselors (including, perhaps, the professional court personnel who have met with the parents and children), the children's teachers, doctors, ministers, neighbors and other persons sufficiently acquainted with the children to offer testimony as to what would be in the children's best interests. The factual situation must be such that it would be fair and reasonable to require the defendant to come into the state and defend the action.

560 S.W.2d at 172.

The situation in *Corliss v. Smith* is identical to the present case except for the length of time the wife had been absent from the forum state. In *Corliss v. Smith* the wife left the State of Texas on November 27, 1972, and the ex-husband filed his petition on December 15, 1976. During this four-year period of time, he did not visit, see, or communicate orally or in writing with his children, except one time on April 12, 1974. The court held that under these facts it would not be fair or equitable to require the wife to come into this state and defend the action.

The stipulations in this case show that the mother and child had been absent from this state for only a few days when this suit was filed. The witnesses, who could testify as to the welfare and best interests of the child, are in this state. The Florida courts have no subpoena power to compel the attendance of the child's teachers, doctors, ministers, neighbors, and other persons sufficiently acquainted with the child to offer testimony as to what would be in the child's best interest. For this reason, we hold that the appellee would not be denied due process of law if required to defend appellant's suit in Texas.

Texas courts have given full faith and credit to decrees of sister states under similar circumstances. *Follak v. Brown*, 530 S.W.2d 882 (Tex.Civ.App.—Beaumont 1975, writ ref'd n. r. e.).

Furthermore, Florida adopted the "Uniform Child Custody Jurisdiction Act" on October 1, 1977. This Act clearly indicates that at this time, Texas is the appropriate forum to litigate the best interests of the child. In determining whether Florida is an inconvenient forum, Section 61.1316 of the Act provides that Florida should not assume jurisdiction of a child custody case if another state is or recently was the child's home state; if another state has a closer connection with the child and his family or with the child and one or more of the contestants; if substantial evidence concerning the child's present or future care, protection, training and personal relationships is more readily available in another state; or if the exercise of jurisdiction by a Florida court would contravene any purpose stated in Section 61.1304. Fla.Stat.Ann. § 61.1316 (West Supp. 1978). Section 61.1306 defines "home state" as the state in which the child lives or has lived for six consecutive months preceding the commencement of the suit. Fla.Stat.Ann. § 61.1308 (West Supp. 1978). Finally, Section 61.1304(3), in declaring one of the general purposes of the Act, says that the state with the closest connection to the child and his family is the appropriate forum for jurisdiction in child custody cases. The primary factor, in determining which state has the closest connection to the child and his family, is the place where significant evidence concerning the child's care,

protection, training and personal relationships is most readily available. Under this standard, if the courts of another state have a closer connection, the statute purposes that the Florida courts decline jurisdiction of the case. Fla.Stat.Ann. § 61.1302 (West Supp. 1978).

Under these Florida statutes, the home state of the child is Texas. This suit was filed less than one month after appellee left Texas. In view of her prior residence in Texas, appellee would suffer less inconvenience and expense in defending the suit in Texas. Relevant evidence is more readily available in Texas than in Florida, and when all the circumstances are considered, we hold that the case falls within the constitutional limits of personal jurisdiction.

The judgment of the trial court is reversed and remanded.