Aaron WEBB, Appellant,

v.

Patty WEBB, Appellee.

No. 8238.

Court of Civil Appeals of Texas, Beaumont.

March 8, 1979.

Rehearing Denied April 5, 1979.

James Sparks, Jr., Beaumont, for appellant.

David B. Bonham, Nederland, for appellee.

CLAYTON, Justice.

Appellant, Aaron Webb, instituted this proceeding seeking to modify the terms of a divorce decree entered November 4, 1977, specifically seeking modification of appellant's visitation rights with his minor child. The trial court dismissed the proceedings for want of jurisdiction. From this dismissal order appellant has perfected his appeal.

Appellant and appellee were divorced in November 1977 in Jefferson County, Texas. The divorce decree provided that Patty Louise Webb, appellee herein, be named as managing conservator of the minor child born to the marriage, and appellant was appointed possessory conservator and was granted certain visitation rights with the child. Prior to the actual entry of the decree, appellee, with her minor child, moved from Jefferson County, Texas, to Arkansas, and they have resided in Arkansas since that time. Appellant filed his petition or motion to modify the terms of the divorce decree and sought to increase the period of visitation with the minor child. Appellee was served with process in the State of Arkansas. Her counsel was served with process in Jefferson County, Texas.

In response to appellant's motion to modify, appellee filed a pleading designated as

"Respondent's Original Answer To Movant's Motion to Modify in Suit Affecting the Parent-Child Relationship with Exceptions." This answer contained, in the following order, exceptions to appellant's petition or motion, asked for reasonable attorney fees in such proceeding and a general denial. Subsequent to this answer, appellee filed a pleading designated as "First Amended Respondent's Petition in Abatement" setting forth that "The child has been a resident of the state of Arkansas for the last one year period of time, therefore this Court does not have nor retain the proper jurisdiction, under the terms of the Texas Family Code to entertain the Motion to Modify," and that "Respondent . . . has filed along with this Petition a motion to transfer this cause to a court of proper jurisdiction in the State of Arkansas." In this pleading, appellee "prays that this Court abate these proceedings and act on Respondent's Motion to Transfer. . ." The record before us does not contain a Motion to Transfer.

The trial court, after a hearing, entered its order that ". . . although the 317th District Court of Jefferson County has continuing jurisdiction of this cause as provided by *Sec. 11.05* of the Texas Family Code that the Court is of the opinion that it will not assert its jurisdiction over the aforementioned Section to this cause, i. e., Motion to Modify. . . ." This order further states that "the Motion to Modify . . . will not be heard by this Court and said cause shall be dismissed for want of jurisdiction."

The only question before this court is whether the trial court had jurisdiction over this action to modify the terms of visitation as set forth in the divorce decree. This question has been specially answered in the affirmative by our Supreme Court in *Trader v. Dear*, 565 S.W.2d 233 (Tex.1978). The court holds that *Tex.Fam.Code Ann. § 11.05(a)* (Vernon Supp.1978) is explicit in fixing the continuing jurisdiction of a court:

"Except as provided in Subsections (b), (c), and (d) of this section, when a court acquires jurisdiction of a suit affecting the parent-child relationship, that court retains continuing jurisdiction of all matters provided for under this subtitle in connection with the child, and no other court has jurisdiction of a suit affecting the parent-child relationship with regard to that child except on transfer as provided in Sec. 11.06 of this code."

■ The trial court acquired jurisdiction over the minor child in the divorce suit in which a final decree was rendered on November 21, 1977. That court is the one that had the continuing exclusive jurisdiction over the child, and the other courts of Texas are required to respect its jurisdiction. *Trader v. Dear*, supra.

■ Appellee states in her brief that the trial court does not have the authority to transfer this cause to a court of another state. We agree. *Sec. 11.06* of the Family Code provides for the transfer of such cases to other courts. However, this section only authorizes the transfer of such cases to other courts in this state and does not authorize transfer to a court outside the State of Texas.

The trial court did not file findings of fact and conclusions of law, and it is difficult for us, from the order of the court, to determine the reasons for dismissing this case for want of jurisdiction. However, from the testimony given upon a hearing conducted by the court and the briefs filed by the parties, it appears that the action of the court was taken as the result of the court's view of the terms of *Sec. 11.051* of the Family Code. This section is merely the long-arm statute for acquiring jurisdiction over a non-resident in parent-child relationship proceedings. It provides the statutory vehicle for jurisdiction over a defendant who is a non-resident of this State.

■ For a non-resident of this State to show a lack of jurisdiction over her person, the appellee must file her special appearance for such person pursuant to the provisions of *Tex.R.Civ.P. 120a*. This she has not done. When appellee filed her answer to appellant's pleading she subjected herself to the jurisdiction of the court, thereby waiv-

ing her right to challenge the jurisdiction of the court. See *Leaverton v. Leaverton*, 417 S.W.2d 82 (Tex.Civ.App.—Dallas 1967, writ ref'd n. r. e.); *Grand American Co. v. Stockstill*, 523 S.W.2d 422 (Tex.Civ.App.—Amarillo 1975, no writ.)

The trial court had jurisdiction over the person of appellee and had jurisdiction of the cause asserted by appellant. The judgment of the trial court in dismissing the cause for want to jurisdiction is reversed, and the cause is remanded for trial on its merits.

REVERSED and REMANDED.