**Troy Lee OLIVER, Appellant,**

v.

**Hilda Jean Oliver BOUTWELL, Appellee.**

**No. 20127.**

Court of Civil Appeals of Texas, Dallas.

March 26, 1980.

John A. George, Dallas, for appellant.

Donald A. Gilley, Dallas, for appellee.

Before AKIN, STOREY and HUM-PHREYS, JJ.

AKIN, Justice.

This is an appeal from an order sustaining appellee's special appearance under Tex. R.Civ.P. 120a. The appellant sued in Texas to modify his visitation rights awarded under a Texas divorce decree. Because the appellee and the minor child were both residents of Mississippi, the trial court dismissed the cause on the grounds that it had no personal jurisdiction over appellee and had no jurisdiction over the subject matter of the suit. We hold that the court had jurisdiction over the appellee and over the subject matter. Accordingly, we reverse and remand.

Appellant and appellee were married in June 1969 and resided in Dallas, Texas, until their separation and divorce in 1975. Appellee was appointed managing conservator of the couple's minor child, who was born in Texas in 1974. Appellant is the possessory conservator and has access to the child from 10:00 a. m. on the third Saturday of each month until 4:00 p. m. on the third Sunday. Appellee moved to Prentiss, Mississippi, in April 1977, thus making it difficult for appellant to exercise his 30 hour visitation privilege each month. On June 6, 1978, appellant filed a motion in a Dallas County district court to modify his visitation rights. After notice, appellee filed her special appearance, which the trial court sustained on the grounds that it lacked jurisdiction over the person of the mother and the subject matter of the suit. The father appeals.

*Nature of Suit*

Appellant first asserts that the trial court erred in construing his motion as a motion to modify conservatorship. We cannot agree. In his motion, the appellant father requested possession for one week

every second month until the child is six years old, for six weeks during each summer, on alternate holidays, and that possession no longer be limited to the county of the mother's residence. Appellant's labeling of his action as a modification of visitation rights is not controlling. We note that appellant has requested that his access to the child be increased from 30 hours per month to about three months each year. We hold that such an extensive request for increased visitation rights is a *motion to modify conservatorship. Glasgow v. Hurley*, 333 S.W.2d 658, 661 (Tex.Civ.App.—Dallas 1960, no writ). Thus we treat this action as one for modification of conservatorship rather than a modification of visitation rights.

### Propriety of Raising Subject Matter Jurisdiction Under Rule 120a

█ Appellee attempted to raise the question of lack of subject-matter jurisdiction as well as lack of personal jurisdiction by a special appearance under Rule 120a, which authorizes a special appearance only "for the purpose of objecting to the jurisdiction of the court over the person or property of the defendant on the ground that such party or property is not amenable to process issued by the courts of this state." This rule does not purport to authorize a special appearance for the purpose of raising lack of jurisdiction over the subject matter. We express no opinion on whether a plea of lack of subject-matter jurisdiction constituted a general appearance and, therefore, waives lack of jurisdiction over the person if the court finds it has jurisdiction of the subject matter, since that question is not raised here. *See Crockett v. Crockett*, 589 S.W.2d 759, 763 (Tex.Civ.App.—Dallas 1979, writ ref'd n. r. e. ). *See also Fox v. Fox*, 559 S.W.2d 407, 408–09 (Tex. Civ.App.—Austin 1977, no writ).

### In Personam Jurisdiction

Appellant argues that the trial court erred in holding that it had no in personam jurisdiction over the appellee under Tex. Fam.Code Ann. § 11.051(1), (3) and (4) (Vernon Supp. 1980), which provide:

> In a suit affecting the parent-child relationship, the court may exercise personal jurisdiction over a person on whom service of citation is required or over the person's personal representative, although the person is not a resident or domiciliary of this state if:

> (1) the child is conceived in this state and the person on whom service is required is a parent or an alleged or probable father of the child;

> .    .    .    .    .

> (3) the person on whom service is required has resided with the child in this state; or

> (4) notwithstanding Subdivisions (1), (2) or (3) above, there is any basis consistent with the constitutions of this state or the United States for the exercise of the personal jurisdiction.

It is undisputed that appellee falls squarely within the ambit of the language of subdivisions (1) and (3). The only question is whether an exercise of jurisdiction over her offends due process. Citing *Zeisler v. Zeisler*, 553 S.W.2d 927 (Tex.Civ.App.—Dallas 1977, writ dism'd),[1] appellant contends that jurisdiction may constitutionally be maintained. On the other hand, appellee asserts that Zeisler does not apply to a conservatorship modification, relying instead on *Corliss v. Smith*, 560 S.W.2d 166 (Tex.Civ.App.—Tyler 1977, no writ). We agree with appellant.

█ In the case at bar, Texas was the state of marital domicile. The parties resided in Dallas until their separation and divorce. Their child, which is the subject of this action, was conceived and born here and appellee exercises managing conservatorship of the child under a Texas divorce decree. Appellee's custody of her child, as well as appellant's access to his child, is

---

1. In *Zeisler* we specifically refrained from passing on the question. *See* footnote 3, 553 S.W.2d at 931.

defined by the terms of a Texas decree. These factors constitute sufficient purposeful contacts with the state of Texas so that an exercise of jurisdiction over appellee does not offend due process of law. *Zeisler v. Zeisler*, 553 S.W.2d at 930. We hold that no special standards concerning inconvenience to the parties or the forum are applied in determining in personam jurisdiction under § 11.051 in a conservatorship modification action. Inconvenience of the forum is not a constitutional obstacle to jurisdiction if due process is otherwise satisfied. 553 S.W.2d at 931.

Our holding here is supported by the rationale of our opinion in *Zeisler*. Although we expressly did not pass on this question now before us in *Zeisler*, we have now considered the matter and have concluded that the same considerations apply to a conservatorship modification as to modification of support in cases where as here, the custodial parent and child now reside in another state and personal jurisdiction is asserted on the basis of minimum contacts. *Zeisler* concerned jurisdiction over the person of a nonresident father in a suit to increase child support payments. We stated that we saw no reason why an action to enforce a parent's obligation to support his child should encounter greater obstacles with respect to jurisdiction than an obligation arising from tort or contract, 553 S.W.2d at 931, and held that the father was amenable to the jurisdiction of a Texas court under the minimum contacts test.

The minimum contacts test is met if a nonresident defendant performs an intentional act which purposefully avails him of the benefits and protections of the forum state. *Compare McGee v. International Life Insurance Co.*, 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957) and *Kulko v. Superior Court of California*, 436 U.S. 84, 98 S.Ct. 1690, 56 L.Ed.2d 132 (1978). In *McGee*, a Texas insurance company was amenable to the jurisdiction of California courts based on a single insurance policy sold by mail to a California resident, although the record was devoid of any additional contacts with California by the Texas

corporation. In *Kulko*, California's exercise of jurisdiction over a New York resident in a child support action was held to violate due process. The contact upon which California had based jurisdiction was the acquiescence of the father to his daughter's desire to reside with her mother in California, although the father had custody. The Supreme Court distinguished *McGee* on the ground that California had not ". . . attempted to assert any particularized interest in trying such cases in its court by, *e. g.* enacting a special jurisdictional statute." 98 S.Ct. at 1700. In the case at bar, appellee has several purposeful contacts with the state of Texas which place her squarely within the ambit of § 11.051, a special jurisdictional statute of the type relied upon in *McGee* but absent in *Kulko*. We conclude that these contacts with Texas are sufficient so that an exercise of personal jurisdiction over appellee under § 11.051 does not offend due process.

We also note that Texas has a strong interest in maintaining jurisdiction here. Under the terms of a Texas divorce decree, appellee has acquired the right to deprive appellant of access to his child for all but 30 hours per month. By moving to Mississippi, appellee restricted appellant's visitation rights more than was contemplated in the original decree. An exercise of jurisdiction over nonresidents in such a situation decreases the necessity for litigation by encouraging the transient spouse to seek a settlement on changed visitation rights before leaving the state. L. Ratner, *Child Custody in a Federal System*, 62 Mich.L. Rev. 795, 821 (1964).

In so holding, we expressly disagree with the holding of the Tyler Court of Civil Appeals in *Corliss v. Smith*, 560 S.W.2d 166 (Tex.Civ.App.—Tyler 1977, no writ) and its progeny, *Miller v. Miller*, 575 S.W.2d 594 (Tex.Civ.App.—El Paso 1978, no writ), and *Oubre v. Oubre*, 575 S.W.2d 363 (Tex.Civ. App.—San Antonio 1978, no writ). In *Corliss* that court considered whether § 11.051 conferred personal jurisdiction over a mother and child, who were residents of Nebraska, in a suit to modify conservatorship.

That case purports to consider only the issue of jurisdiction over the person of a nonresident under § 11.051 but holds that a rebuttable presumption arises that Texas courts are not "convenient and/or competent" forums to adjudicate conservatorship where the undisputed proof shows that the child and managing conservator have resided in a foreign jurisdiction for six months or more before suit was filed. The court in *Corliss* has confused § 11.051 by failing to delineate between subject-matter jurisdiction and in personam jurisdiction and apparently decided that case on subject-matter jurisdiction, which was not before it.

The Tyler Court of Civil Appeals also based its holding on the relative convenience of the parties and the witnesses, a balancing of the interests of Texas and Nebraska in maintaining the litigation, the length of absence of a nonresident from the state, and whether Nebraska would accord full faith and credit to a Texas conservatorship modification. In our view, none of these factors are germane to the question of in personam jurisdiction under § 11.051.

Appellee argues that the convenience of witnesses and the parties and the health of the child will best be served by litigating conservatorship in Mississippi, citing *Corliss v. Smith*, 560 S.W.2d at 172. Although we recognize that this is a factor in determining whether the minimum contacts test is met, *O'Brien v. Lanpar Co.*, 399 S.W.2d 340, 342 (Tex.1966), inconvenience of the forum is not a constitutional obstacle to jurisdiction if the requirements of due process are otherwise satisfied. *Zeisler v. Zeisler*, 553 S.W.2d at 931. These factors are more properly taken into account in a motion to dismiss under the doctrine of forum non conveniens.[2] The application of the doctrine of forum non conveniens has not been raised by either party and we express no opinion as to its application here.

We also expressly disagree with *Corliss v. Smith's* holding that in ruling on a special appearance the trial court may properly consider whether a Nebraska court would grant full faith and credit to a Texas court's decree modifying conservatorship. Initially we note that in the case cited in *Corliss, Copple v. Copple*, 186 Neb. 696, 185 N.W.2d 846 (1971), the Nebraska court's refusal to enforce the foreign decree was not based on a denial of a full faith and credit, but rather on a finding that the mother had engaged in prostitution *after* the foreign decree had been entered. Thus the Nebraska judgment was actually a relitigation of conservatorship based on subsequent conditions rather than an action for enforcement of the foreign decree.

In *Kovacs v. Brewer*, 356 U.S. 604, 78 S.Ct. 963, 2 L.Ed.2d 1008 (1958), upon which *Copple* relies, the Supreme Court held that North Carolina may refuse to enforce a New York custody decree based on changed circumstances during the fourteen month period between entry of the New York decree and instigation of the North Carolina action. Thus the cases cited by *Corliss* do not support a finding that Nebraska would refuse to accord full faith and credit to a Texas decree. Rather they merely hold that Nebraska may relitigate custody based on events that occur after the Texas decree is rendered. Moreover, we note that the United States Supreme Court has never held that where the court entering the decree had jurisdiction over the parties and subject matter of the suit, a decree modifying child custody is not entitled to full faith and credit. Thus, whether a foreign jurisdiction will accord full faith and credit to a Texas judgment modifying conservatorship is, in our view, irrelevant to the question of in personam jurisdiction. Full faith and credit is required by the U. S. Constitution if the forum court rendering the decree had jurisdiction of the subject matter and of the parties. *Buckovich v. Buckovich*, 399 S.W.2d 528 (Tex.1966).

### Subject-Matter Jurisdiction

Appellant next contends that the trial court erred in holding that it had no

---

2. For a discussion of the Texas law of forum non conveniens, *see Van Winkle-Hooker Co. v. Rice*, 448 S.W.2d 824 (Tex.Civ.App.—Dallas 1969, no writ).

jurisdiction over the subject matter of this suit. We agree. The appropriate statute concerning subject matter jurisdiction is Tex.Fam.Code Ann. § 11.05 (Vernon Supp. 1980), which provides:

(a) Except as provided in Subsections (b), (c), (d), and (e) of this section and Section 17.05 of this code, when a court acquires jurisdiction of a suit affecting the parent-child relationship, *that court retains continuing jurisdiction of all matters provided for under this subtitle in connection with the child*, and no other court has jurisdiction of a suit affecting the parent-child relationship with regard to that child except on transfer as provided in Section 11.06 or 17.06 of this code. [Emphasis added.]

This statute endows the court entering the original divorce decree with continuing jurisdiction over suits affecting the parent-child relationship. Section 11.05 was enacted against a background of cases holding that Texas courts had no power to adjudicate conservatorship where the child was neither a resident of Texas nor present before the court, *Ex parte Birmingham*, 150 Tex. 595, 244 S.W.2d 977 (1952), but recognizing that foreign courts could adjudicate conservatorship of a Texas resident where custody had originally been awarded by the foreign court and the laws of the foreign state provided for continuing jurisdiction in such actions. *Bull v. Wilson*, 362 S.W.2d 662 (Tex.Civ.App.—San Antonio 1962, no writ); *Dowden v. Fischer*, 338 S.W.2d 534 (Tex.Civ.App.—Waco 1960, no writ). We hold that in passing § 11.05, the legislature granted Texas courts continuing subject-matter jurisdiction to modify their conservatorship decrees with respect to non-resident children. *Webb v. Webb*, 582 S.W.2d 168 (Tex.Civ.App.—Beaumont 1979, writ ref'd n. r. e.). Our holding is in accord with the view that a proceeding for modification of conservatorship is permissible as a continuation of the original proceeding in which the award was rendered. *Bull v. Wilson*, 362 S.W.2d at 644.

■ Appellee cites various policy arguments against adjudication of conservatorship where the child and the managing conservator are nonresidents of Texas. *See* J. Sampson, Jurisdiction in Divorce and Conservatorship Suits, 8 Texas Tech L.Rev. 159, 218 (1976). We note that the legislature has limited continuing jurisdiction by passing § 11.052, effective June 13, 1979. Section 11.052 prohibits a court from exercising its continuing jurisdiction to appoint a managing conservator if the managing conservator and the child have been residents of another state for more than six months before the action is filed. Section 11.052 was not in effect, however, when the order dismissing appellant's suit was rendered, and subject-matter jurisdiction is not so limited under § 11.05. Absent such authority limiting the legislative mandate of § 11.05, we find no basis for imposing an arbitrary six-month limitation on the effect of that section. Consequently, we hold that the trial court erred in concluding that it had no jurisdiction over the subject matter of appellant's suit.

Reversed and remanded.