[No. F014553. Fifth Dist. Apr. 14, 1992.]

In re the Marriage of GAYLE D. and JOEL R. NOSBISCH.
GAYLE D. NOSBISCH, Plaintiff and Respondent, v.
JOEL R. NOSBISCH, Defendant and Appellant.

## COUNSEL

Anderson & Walker-Anderson and Doyle E. Anderson, Sr., for Defendant and Appellant.

Geraldine Brown for Plaintiff and Respondent.

## OPINION

**BEST, P. J.—**

### STATEMENT OF THE CASE AND FACTS

Plaintiff Gayle D. Nosbisch (Wife) and defendant Joel R. Nosbisch (Husband) were married in Illinois. Their two children were born in Illinois and their marriage was dissolved in Illinois in 1982. The judgment of dissolution granted Wife physical custody of the children and ordered Husband to pay $425 per month as child support.

On July 22, 1985, Husband and Wife entered into a stipulation which provided, in part, "The parties mutually consent and agree that [Wife] as the

custodial parent, be allowed to remove said children from the State of Illinois to the State of Texas where the custodial parent plans to establish her residence." Wife thereafter moved to Texas with the children.

In July 1989, Wife filed a motion in a Texas court to modify the Illinois orders regarding Husband's child support obligations. Husband, who by this time resided in Merced County, California, was served with notice of this motion but did not respond. The Texas District Court found it had jurisdiction over the parties and modified the Illinois orders, including increasing Husband's child support obligation to $724 per month.

Wife registered this Texas order with the Merced County Superior Court under the Revised Uniform Reciprocal Enforcement of Support Act of 1968 (RURESA). (Code Civ. Proc., § 1650 et seq.) Husband moved to vacate this registration on the ground that the Texas court did not have personal jurisdiction over him. Husband's only connection with Texas is that his two children live there. The trial court denied Husband's motion, finding Texas had jurisdiction based on Texas Family Code Annotated section 11.051 (Vernon 1986). That section provides:

"In a suit affecting the parent-child relationship, the court may exercise status or subject matter jurisdiction over the suit as provided by Subchapter B of this chapter. The court may also exercise personal jurisdiction over a person on whom service of citation is required, . . . although the person is not a resident or domiciliary of this state, if:

"(1)   the child was conceived in this state when at least one biological parent was a resident of this state and the person on whom service is required is a parent or an alleged or probable father of the child;

"(2)   the child resides in this state as a result of the acts or directives or with the approval of the person on whom service is required;

"(3)   the person on whom service is required has resided with the child in this state; or

"(4)   there is any basis consistent with the constitutions of this state and the United States for the exercise of the personal jurisdiction."

DISCUSSION

*The Texas court's exercise of personal jurisdiction over Husband was not consistent with the due process clause.*

■   The purpose of the RURESA registration procedure is to provide a more efficient method of enforcing foreign support orders. (*In re Marriage of*

*Aron* (1990) 224 Cal.App.3d 1086, 1090 [274 Cal.Rptr. 357].) After receiving notice of registration of the order, the obligor, here Husband, has 20 days to petition to vacate the registration. (Code Civ. Proc., § 1699, subd. (b).) Thus, the validity of the foreign order is open for adversarial dispute at this stage. Grounds for cancellation of the registration include jurisdictional or due process defects. (*In re Marriage of Aron, supra,* 224 Cal.App.3d at p. 1092.) ■ " 'Collateral attack is proper to contest lack of personal or subject matter jurisdiction or the granting of relief which the court has *no power* to grant . . . .' " (*McCallum* v. *McCallum* (1987) 190 Cal.App.3d 308, 314 [235 Cal.Rptr. 396].

■ A valid judgment imposing a personal obligation or duty on a person may be entered only by a court having jurisdiction over that person. (*Kulko* v. *California Superior Court* (1978) 436 U.S. 84, 91 [56 L.Ed.2d 132, 140, 98 S.Ct. 1690].) The due process clause of the Fourteenth Amendment limits such jurisdiction over nonresidents. (*Ibid.*) Under this constitutional standard, a state may not exercise in personam jurisdiction over a nonresident, nondomiciliary obligor to modify child support obligations unless jurisdiction is established through sufficient minimum contacts within the state. (*Id.* at p. 92 [56 L.Ed.2d at p. 141]; *Gingold* v. *Gingold* (1984) 161 Cal.App.3d 1177, 1182 [208 Cal.Rptr. 123].) The "minimum contacts" test requires "that a defendant 'have certain minimum contacts with [the forum State] such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." ' [Citations.] While the interests of the forum State and of the plaintiff in proceeding with the cause in the plaintiff's forum of choice are, of course, to be considered, [citation], an essential criterion in all cases is whether the 'quality and nature' of the defendant's activity is such that it is 'reasonable' and 'fair' to require him to conduct his defense in that State." (*Kulko* v. *California Superior Court, supra,* 436 U.S. 84, 92 [56 L.Ed.2d 132, 141], quoting *Internat. Shoe Co.* v. *Washington* (1945) 326 U.S. 310, 316 [90 L.Ed. 95, 101-102, 66 S.Ct. 154, 161 A.L.R. 1057].)

■ The facts of this case are almost identical to those considered by the United States Supreme Court in *Kulko* v. *California Superior Court, supra,* 436 U.S. 84. In *Kulko,* both parties were domiciled in and residents of New York at the time of their marriage. (*Id.* at p. 86 [56 L.Ed.2d at p. 138].) The Kulkos' two children were born in New York and the Kulkos resided together in New York as a family until they separated. Following the separation, wife moved to California. A written separation agreement was drawn up in New York and wife flew to New York to sign it. The agreement provided that the children would remain with their father during the school year but spend vacations with their mother. (*Id.* at p. 87 [56 L.Ed.2d at

p. 138].) However, a year after the divorce, the daughter asked her father if she could live with her mother. Husband acquiesced and purchased a one-way plane ticket to California for his daughter. Two years later, the son also moved to California. Wife then commenced an action against husband in California to modify the divorce judgment so as to award her full custody of the children and increase husband's child support obligations. Husband contested California's jurisdiction over him with respect to the claim for increased support. (*Id.* at p. 88 [56 L.Ed.2d at pp. 138-139].)

The California courts upheld jurisdiction over husband based on husband's " 'purposeful act' " of " 'actively and fully consent[ing] to [his daughter] living in California for the school year . . . and . . . send[ing] her to California for that purpose,' " i.e., husband had " 'purposely availed himself of the benefits and protections of the laws of California.' " (*Kulko* v. *California Superior Court, supra,* 436 U.S. 84, 89, 94 [56 L.Ed.2d 132, 139, 142.) The United States Supreme Court rejected this reasoning. "A father who agrees, in the interests of family harmony and his children's preferences, to allow them to spend more time in California than was required under a separation agreement can hardly be said to have 'purposefully availed himself' of the 'benefits and protections' of California's laws." (*Id.* at p. 94 [56 L.Ed.2d at p. 143].) Concluding that husband did not purposefully derive benefit from any activities relating to California, the Supreme Court held California's assertion of personal jurisdiction was unreasonable. (*Id.* at p. 96 [56 L.Ed.2d at p. 144].)

Similarly, here, by agreeing that Wife could move with the children to Texas, it cannot be said that Husband purposefully derived any benefit from any activities relating to Texas. The fact that his children live in Texas is Husband's only contact with the state. These circumstances do not meet the due process requirement of "minimum contacts" for personal jurisdiction in the family law context. (*Kulko* v. *California Superior Court, supra,* 436 U.S. 84.)

Wife relies on the Texas statute which purports to confer jurisdiction over a nonresident obligor when the child resides in Texas "as a result of the acts or directives or with the approval" of the obligor. (Tex. Fam. Code Ann. (Vernon 1986) § 11.051(2).) Wife also points to the *Kulko* court's statement "And California has not attempted to assert any particularized interest in trying such cases in its courts by, e.g., enacting a special jurisdictional statute." (436 U.S. at p. 98 [56 L.Ed.2d at p. 145].) Both now and at the time *Kulko* was decided, California exercised personal jurisdiction "on any basis not inconsistent with the Constitution of this state or of the United States."

(Code Civ. Proc., § 410.10.) However, merely by enacting a statute, Texas cannot confer jurisdiction where such jurisdiction does not meet the standard compelled by the due process clause of the Fourteenth Amendment. The *Kulko* court's general statement quoted above does not compel a different result.

Wife states the "Texas appellate courts have found that the *Kulko* decision does not apply due to this jurisdictional statute," citing *Oliver* v. *Boutwell* (Tex.Civ.App. 1980) 601 S.W.2d 393. However, in *Oliver*, the parties were married in Texas, their child was born in Texas, and the divorce granted in Texas. After the wife and child moved out of state, the husband filed a motion in Texas to modify his visitation rights. Thus, the Texas court was considering different subdivisions of Texas Family Code section 11.051. Further, the court did not hold that the statute in and of itself complied with due process requirements. Rather, the court concluded that the wife's contacts with Texas "are sufficient so that an exercise of personal jurisdiction over [wife] under § 11.051 does not offend due process." (601 S.W.2d at p. 396.)

█ Wife also contends California must honor the Texas judgment under the full faith and credit clause of the United States Constitution. She argues that because Texas found it had jurisdiction over Husband, that finding must be upheld. However, the full faith and credit clause makes only the *valid* in personam judgment of one state enforceable in all states. (*Shaffer* v. *Heitner* (1977) 433 U.S. 186, 210 [53 L.Ed. 2d 683, 702, 97 S.Ct. 2569].) Thus, the state court must have jurisdiction over the parties before the judgment will be enforced. █ The issue of jurisdiction was not fully litigated in Texas. The Texas court's recital in its order that it had jurisdiction over Husband does not make that recited statement law. "[J]ust because a court includes a jurisdictional recital in its order does not make the recited statement law. Courts have jurisdiction only to the extent provided by law. One court cannot wrest jurisdiction from another court simply by so saying." (*In re Marriage of Aron, supra,* 224 Cal.App.3d 1086, 1093.)

In sum, Husband did not have sufficient contacts with Texas to enable Texas to assert personal jurisdiction over him. Consequently, the Texas order is invalid and is not entitled to full faith and credit in California. Husband's objection to the Texas order on jurisdictional grounds was properly made in the Merced County Superior Court. Thus, the Merced County Superior Court should have vacated the registration of the Texas order.

## DISPOSITION

The judgment is reversed and the superior court is directed to enter its order vacating the registration of the Texas child support order. Appellant to have his costs on appeal.

Stone (W. A.), J., and Thaxter, J., concurred.